UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jam Tire, Inc.,

                Plaintiff,

      v.

Johnnie R. Harbin, et al.,

                Defendants.

Case No. 3:14-cv-00489

MEMORANDUM
OPINION & ORDER

## I. INTRODUCTION

Before me is Plaintiff Jam Tire, Inc.'s motion to strike Defendants Johnnie R. Harbin and Harbin Tire, Truck & Trailer Services, LLC's affirmative defenses, pursuant to Fed. R. Civ. P. 12(f). (Doc. No. 17). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated below, Jam Tire's motion is granted in part and denied in part.

## II. BACKGROUND

According to the complaint, Jam Tire provides vehicle services in Ohio and Michigan. (Doc. No. 1 at 2). Jam Tire employed Mr. Harbin from 2007 to 2013; subsequently he opened his own business, Harbin Tire, now a service and market competitor of Jam Tire. (Doc. No. 1 at 3-4). On November 12, 2013, Jam Tire instructed Defendants to cease infringing on Jam Tire's trademark and using its trade secrets, which resulted in an exchange of attorney letters between the parties. (*Id.*) Upon the Defendants' refusal to comply with their request, Jam Tire filed its complaint on March 3, 2014.

Jam Tire's complaint contains six counts: (1) trademark infringement under 15 U.S.C. § 1051; (2) trademark infringement under common law; (3) false designation of origin under 15 U.S.C. § 1125; (4) unfair competition under common law; (5) disclosure of trade secrets under Ohio Rev. Code § 1333.61 *et seq.*; and (6) deceptive trade practices under Ohio Rev. Code § 4165.02.

In Defendants' answer, the section labeled "First Defense" contains specific and general admissions as well as denials encompassed in the first eleven paragraphs. (Doc. No. 13 at 1-3). The remaining defenses are listed as follows:

### SECOND DEFENSE

12. Plaintiff's Complaint fails to state a claim for which relief can be granted.

### THIRD DEFENSE

13. Plaintiff's Complaint is barred by the doctrine of laches.

### FOURTH DEFENSE

14. Plaintiff has failed to join necessary and/or dispensable parties.

### FIFTH DEFENSE

15. Plaintiff's Complaint is barred by the doctrines of waiver and estoppel.

### SIXTH DEFENSE

16. Harbin and Harbin Tire have common trademark rights superior to Plaintiff's alleged rights.

### SEVENTH DEFENSE

17. There is no likelihood of confusion to consumers between the trade name and marks used by Harbin and Harbin Tire and Plaintiff's alleged mark.

**EIGHTH DEFENSE**

18. Plaintiff's Complaint is barred by the doctrine of unclean hands.

**NINTH DEFENSE**

19. Plaintiff has failed to mitigate any damages it claims.

**TENTH DEFENSE**

20. Plaintiff's claims are barred by Plaintiff's acquiescence in the acts of Harbin and Harbin Tire.

**ELEVENTH DEFENSE**

21. Defendants reserve the right to raise additional defenses as they become known.

(Doc. No. 13, pp. 4-5).

In its motion, Jam Tire asks me "to strike the affirmative defenses filed by Defendants as part of their Answer." (Doc. No. 17 at 1). In its reply, however, Jam Tire states it no longer seeks to strike the First Defense. (Doc. No. 21 at 2). Therefore, Plaintiff's motion is deemed withdrawn as to the First Defense as contained in ¶¶ 1-11 and I will address the motion as it pertains to affirmative defenses two through eleven.

### III.  APPLICABLE LEGAL STANDARDS

Under Fed. R. Civ. P. 8(c), generally and "[i]n response to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Defenses come in two types: negating and affirmative. An answer provides defendants with an opportunity to make both types. Denials negate a complaint's averments; they are a defendant's first line of defense and enable him to assert the basic defense that the factual basis of plaintiff's claims is at issue. The plain meaning of Rule 10(b) supports such a reading. For instance, "[a] party must state its claims or defenses in numbered paragraphs . . . each defense *other than a denial* – must be stated in a separate count or defense." Fed.

3

R. Civ. P. 10(b)(emphasis added). Furthermore, "[i]f the plaintiff has been given 'plain notice' of the matters to be litigated, which is all the federal pleading rules require, he should be put to his proof on those issues irrespective of any error by the defendant regarding terminology." 5 Charles Alan Wright & Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1269 (3d ed. 1998).

Rule 12(f) provides a court, *sua sponte* or upon motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit recognizes, "the action of striking a pleading should be sparingly used by the courts," "resorted to only when required for the purposes of justice," and when "the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Courts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay. *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003).

A trial court is accorded discretion in making a Rule 12(f) determination. *See Seay v. TVA*, 339 F.3d 454, 480 (6th Cir. 2003) ("We review the decision to grant or deny a motion to strike for an abuse of discretion, and decisions that are reasonable, that is, not arbitrary, will not be overturned.") (citation omitted).

To give thorough consideration to Jam Tire's motion, I consider whether the heightened pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies to affirmative defenses.

Since the Supreme Court's decision in *Iqbal v. Ashcroft*, 556 U.S. 662 (2009), more than 230 federal decisions have addressed whether the plausibility standard applies to affirmative defenses pled in an answer. William M. Janssen, *The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses*, 70 Wash & Lee L. Rev. 1573, 1602 (2013). The majority trend appears to cut against the

4

proposition. *Id*. at 1606-07. No federal appellate court has ruled on the issue and district courts in the Sixth Circuit are split. *Compare McLemore v. Regions Bank*, 2010 WL 1010092 * 14 (M.D. Tenn. 2010) *aff'd on other grounds*, 682 F.3d 414 (6th Cir. 2012). ("[T]he Sixth Circuit has consistently used 'fair notice' as the standard for whether a defendant has sufficiently pleaded an affirmative defense. *Twombly* and *Iqbal* did not change this." ) (citations omitted); *First Nat'l Ins. Co. of America. v. Camps Serv., Ltd.*, 2009 WL 22861 *2 (E.D. Mich. 2009 ) ("*Twombly's* analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to [a motion to strike affirmative defenses]."); *United States v. Quadrini*, 2007 WL 4303213 *4 (E.D. Mich. 2007) ("This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a 'reasonably founded hope' of success, cannot be a pleading standard that applies only to plaintiffs."); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) ("[B]oth complaints and affirmative defenses should 'provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case.'" (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009))).

I am not persuaded that *Twombly's* heightened pleading standards apply to affirmative defenses. First, I am required to give the Federal Rules of Civil Procedure their plain meaning. *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750, n. 9 (1980)). Rule 8(c)(1) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). *Twombly* addresses only Rule 8(a)(2)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief;" it does not establish a pleading requirement for Rule 8(c). *Weddle v. Bayer AG Corp.*, 2012 WL 1019824 *2 (S.D. Cal. 2012). Furthermore, "unlike Rule 8(a)(2)'s requirement that a pleader 'show' an entitlement to relief, Rule 8(c) requires only that the responding party 'affirmatively state' any affirmative defenses." *Id.*

Second, Official Form 30 supports this conclusion. Official forms set out in the Appendix to the Federal Rules of Civil Procedure are "sufficient" to withstand any attack brought under the Federal Rules; attorneys are encouraged to rely upon them in practice. Fed. R. Civ. P. 84. Official Form 30 depicts an "Answer Presenting Defenses Under Rule 12(b)." Form 30 ¶¶ 4, 6, Fed. R. Civ. P. Appendix of Forms. Paragraphs four and six of Official Form 30 would unlikely survive the *Twombly* plausibility standard, yet they are held out as sufficient pleadings. The mere assertion a complaint fails to state a claim constitutes a sufficiently pled affirmative defense. *See, e.g., Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011). Likewise, stating that a claim falls outside the statute of limitations is a sufficiently pled affirmative defense. *See, e.g., EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 664 (M.D. Ala. 2012).

Third, important policy considerations support a less restrictive standard as it pertains to affirmative defenses. Although a plaintiff may have latitude in the timing of the filing of his complaint, Rule 12(a)(1) requires a defendant to respond to it within 21 days. Furthermore, "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). (Citation omitted). A defendant is required to respond to allegations, often very serious allegations, without the benefit of discovery. To apply a plausibility standard to affirmative defenses would place an unrealistic burden on defendants irreconcilable with the plain meaning of Rule 8(c) and the overriding consideration that pleadings "must be construed so as to do justice." Fed. R. Civ. P. (8)(e). Based upon these reasons, I decline to apply that standard here.

### IV.   ANALYSIS

#### A.   FAILURE TO STATE A CLAIM

Jam Tire asserts "while the failure to state a claim is a recognized defense under Fed. R. Civ. P. 12(b), it is not an affirmative defense . . . which is required . . . . Moreover, such a bare-bones

assertion does not meet the pleading standard." According to Rule 12(b), "every defense to a claim for relief in any pleading must be asserted in the responsive pleading," including a 12(b)(6) motion to dismiss for failure to state a claim. As noted previously, Form 30 illustrates the mere assertion that plaintiff fails to state a claim is sufficient to place plaintiff on notice of the defense. Form 30 ¶ 4, Fed. R. Civ. P. Appendix of Forms. Thus, I do not find the answer to be insufficient, redundant, immaterial, impertinent, or scandalous on this point. Jam Tire's motion to strike is denied as to Harbin's Second Defense (Doc. No. 13 ¶ 12).

### B. ESTOPPEL, LACHES & WAIVER

Fed. R. Civ. P. 8(c) requires a party in its Answer to "affirmatively state any avoidance of affirmative defense, including . . . estoppel; . . . laches; . . . and waiver." Harbin states that Jam Tire's Complaint is barred by "the doctrine of laches," (Doc. No. 13 at 4 ¶ 13), and "waiver and estoppel," (Doc. No. 13 at 4 ¶ 15). Because Harbin is required merely to state his affirmative defenses, including those explicitly articulated in Rule 8(c), and because the material is neither redundant, immaterial, impertinent, or scandalous, Jam Tire's motion to strike is denied as to Defendants' Third and Fifth Defenses (Doc. No. 13 ¶¶ 13, 15).

### C. FAILURE TO JOIN NECESSARY PARTIES

According to Rule 12(b), "every defense to a claim for relief in any pleading must be asserted in the responsive pleading," including a 12(b)(7) motion to dismiss for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b). To sufficiently assert a 12(b)(7) motion, the movant must identify the name of the party, the location of the party, the reason the party is necessary and whether the court has jurisdiction over the party. Form 30 ¶ 5, Fed. R. Civ. P. Appendix of Forms. I am also instructed to construe the pleadings "so as to do justice" under Rule 8(e), which includes treating pleadings as though correctly designated even if a party "mistakenly designates a defense as a counterclaim, or a counterclaim as a defense." Fed. R. Civ. P. 8(c)(2).

7

The Defendants' counterclaim alleges an associate of Jam Tire, Jim Deel, of Roseville, Michigan, registered the domain name "harbintire.com," which redirected visitors to Jam Tire's website and damaged Defendants' reputation and business. (Doc. No. 13 at 6). The Defendants allege Deel's joinder to this action is proper under the doctrine of supplemental jurisdiction. (Doc. No. 13 at 7). At this time I am called upon only to rule whether Defendants' affirmative defense is insufficient, redundant, immaterial, impertinent, or scandalous. It is not. Jam Tire's motion to strike is denied as to Defendants' Fourth Defense (Doc. No. 13 ¶ 14).

### D. OTHER AVOIDANCE OR AFFIRMATIVE DEFENSES

In addition to the 18 affirmative defenses set forth in Rule 8(c)(1), Defendants are required to plead "any avoidance or affirmative defense" in their answer. Failure to plead affirmative defenses in an answer may result in waiver of those defenses after the answer has been filed. *See Horton*, 369 F.3d at 911 (6th Cir. 2004). The rule's requirement of any defendant, to plead any and all defenses within weeks of receipt of a complaint places a very heavy burden on them. The rule greatly favors a plaintiff because it shows – at a very early date – defendant's entire theory of the case, subject to additional facts that may become known during discovery. The Federal Rules accommodate this burden, in part, by allowing a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically" and providing "[a] a party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. Rule 8(d)(2)-(3).

Defendants raise five additional defenses including: (6) superior trademark rights; (7) no likelihood of confusion between trade names and marks; (8) unclean hands; (9) failure to mitigate; and (10) acquiescence. These assertions place Jam Tire on notice of Defendants' theory of the case and their defenses. They are likely to be fact-intensive inquiries resolvable only through discovery. And even if they are redundant, they do not violate the generous accommodation Rule 8 provides for the pleading of defenses in the alternative, hypothetically, and inconsistently. Fed. R. Civ. P.

8

8(d). Thus, I cannot find the affirmative defense insufficient, redundant, immaterial, impertinent, or scandalous on these points. Jam Tire's motion to strike is denied as to Defendants' Sixth, Seventh, Eighth, Ninth, and Tenth Defenses. (Doc. No. 13 ¶¶ 16-20).

### E.  RESERVATION OF ADDITIONAL DEFENSES

Rule 15 allows a party to amend its pleadings once within 21 days as a matter of course or with the consent of the other party or the court's leave, which shall be freely granted when justice requires. Fed. R. Civ. P. 15(a) Thus, Defendants' reservation of right to raise additional defenses as they become known is therefore immaterial to this case. Defendants' concede this point. (Doc. No. 20 at 6). Jam Tire's motion to strike is granted as to Harbin's Eleventh Defense. (Doc. No. 13 ¶ 21).

## V.     SANCTIONS

When a party presents a pleading, written motion, or other paper to a court, an attorney certifies that to the best of his knowledge information and belief that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(2). The Federal Rules allow a trial court *sua sponte* to order an attorney to show cause why conduct specifically described has not violated Rule 11(b). *See also,* 2 James Wm. Moore et al. MOORE'S FEDERAL PRACTICE ¶ 11.22[2][a] (3d ed. 2014).  When considering whether to impose sanctions I am instructed to consider whether behavior "infected the entire pleading", whether it was intended to injure, and what effect it had on the litigation process in time and expense.  Fed. R. Civ. P. 11, advisory committee note of 1993.

I am cognizant that an imposition of sanctions *sua sponte* is a drastic action that should be used sparingly.   But a motion to strike is a drastic action that should be used only when pleadings contain insufficient defenses or redundant, immaterial, impertinent, or scandalous material that, if left in the record, would prejudice the moving party.

In this case, the legal basis upon which Jam Tire rests its motion comprises two unreported district court cases[1], none of which are binding upon this Court, and references Fed. R. Civ. P. 12(b) and (f) without any discussion of Rule 8. Jam Tire's arguments are not just pedantic; they are mostly wrong. Jam Tire erroneously summarizes Rule 12(f) and *Malibu Media, LLC v. House*, 2013 WL 5954571 (E.D. Mich. 2013), as to restate the law entirely, an error that runs through their entire motion and briefs in opposition.[2]

Therefore, I order Jam Tire to show cause within 30 days of this order why its motion to strike affirmative defenses two through ten and the accompanying memorandum in support thereof (Doc. No. 17, 17-1) did not violate Rule 11(b)(2). Jam Tire is excused from showing cause in regards to its motion to strike Harbin's Answer regarding the First and Eleventh Defense.

## VI. CONCLUSION

For the reasons stated above, Jam Tire's motion to strike (Doc. No. 17) is withdrawn as to the First Defense ( ¶¶ 1-11). The motion to strike (Doc. No. 17) is denied as to Defenses Two through Ten ( ¶¶ 12-20) and granted as to the Eleventh Defense (¶ 21).

Jam Tire is granted 30 days from the date of this Order to show cause why its conduct in moving to strike Defendants' Answer at ¶¶ 12-20 did not violate Fed. R. Civ. P. 11(b)(2).

So Ordered.

s/Jeffrey J. Helmick
United States District Judge

---

[1] *Malibu Media L.L.C. v. House*, 2013 WL 5954571 (E.D. Mich. 2013) and *E.E.O.C. v. SVT, LLC*, 2013 WL 6045972 (N.D Ind. 2013).

[2] *Compare Malibu Media, LLC v. House*, 2013 WL 5954571 *1 (E.D. Mich. 2013) ("A 'court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' Fed. R. Civ. P. 12(f)") and Plaintiff's characterization in their Memorandum in Support (Doc. No. 17-1 at 2) ("Pursuant to FCRP 12(f), courts may strike affirmative defenses that are redundant, immaterial, impertinent, or scandalous").